IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN D. RILEY,<br><br>　　　　　　　　Petitioner,<br><br>　　　vs.<br><br>JOSEPH NOETH, Superintendent, Attica Correctional Facility,[1]<br><br>　　　　　　　　Respondent. | No. 9:15-cv-01340-JKS<br><br>MEMORANDUM DECISION |

Adrian D. Riley, a New York state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Riley is in the custody of the New York State Department of Corrections and Community Supervision and incarcerated at Attica Correctional Facility. Respondent has answered the Petition, and Riley has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

On July 11, 2008, Riley was charged with first-degree sexual conduct against a child for sexual abuses. The indictment alleged that Riley, "on or about the year 2002 or 2003 through March 2008 . . . over a period of time, not less than three months . . . did engage in two or more acts of sexual conduct, which includes at least one act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual conduct with a child less than eleven years old." According to the indictment, the conduct began when the victim, the daughter of Riley's girlfriend, was four or five years old and continued until she was nine years old.

---

[1] Joseph Noeth, Superintendent, Attica Correctional Facility, is substituted for P. Chappius, Jr., Superintendent, Elmira Correctional Facility. FED. R. CIV. P. 25(c).

Prior to trial, the court held a *Sandoval*[2] hearing to address whether the prosecution could question Riley, in the event he testified, about a September 24, 2008, criminal conviction for criminal possession of a weapon in the fourth degree, which stemmed from an arrest on May 2, 2008, at the residence of the victim and her family. The People wanted to address the underlying facts of that conviction because the victim and her mother had been present, and the prosecution argued that the incident related to child sexual abuse syndrome. The court expressed concern that Riley had committed that crime after the incident for which he stood trial. The court ultimately ruled that the People could question Riley about the conviction during cross-examination for *Sandoval* purposes.

The prosecution also moved *in limine* to preclude the defense from cross-examining witnesses regarding the victim's allegations of sexual abuse by other persons. The court determined that such evidence was irrelevant because Riley failed to prove that the allegations were false or that the victim was a habitual liar with respect to abuse allegations.

At trial, the victim's mother, the executive director of the housing complex where the victim and her family resided, the victim, and three nurses who had cared for the victim after she reported the sexual abuse testified for the prosecution. Riley testified on his own behalf, after counsel noted that Riley chose to do so against counsel's advice. The prosecution requested and received permission to explore Riley's termination from his employment at a nursing home due to misconduct. Counsel gave their summations to the jury, and, after the charge to the jury, defense

---

[2] *People v. Sandoval*, 314 N.E.2d 413 (N.Y. 1974). *Sandoval* is a short-hand reference to the procedure under New York law under which the trial court determines, in advance, whether evidence of prior convictions is admissible in the event that the defendant testifies.

counsel, who had objected to a statement made by the prosecutor during summation, moved for a mistrial due to inflammatory and improper remarks. The request was denied. After deliberations, the jury found Riley guilty as charged. He was subsequently sentenced to a determinate term of 25 years' imprisonment with 20 years of post-release supervision and an order of protection in favor of the victim for 45 years.

Riley then moved *pro se* to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10 on the grounds that: 1) he was denied the effective assistance of counsel because counsel failed to conduct an adequate investigation of Riley's case, present expert defense testimony, and present evidence that the victim had recanted the allegations of molestation; and 2) newly-discovered evidence in the form of Family Court testimony demonstrated his actual innocence. The court denied the motion, and the Appellate Division of the New York Supreme Court denied Riley leave to appeal.

Through counsel, Riley appealed his conviction, arguing that: 1) the evidence presented was not legally sufficient to support his conviction and the guilty verdict was against the weight of the evidence; 2) he was denied a fair trial by the court's *Sandoval* ruling and the prosecutor's remarks during summation; 3) trial counsel was ineffective for failing to fully investigate the matter, particularly with regards to the Family Court proceedings and the Department of Social Services investigation; and 4) the sentence was harsh and excessive. Riley also filed a *pro se* supplemental briefing alleging that: 1) he was deprived of a fair trial by the trial court's evidentiary rulings that precluded the defense from offering evidence of the victim's sexual abuse allegations against others and allowed the prosecution to cross-examine Riley about his other conviction; 2) trial counsel was ineffective for failing to present expert testimony, investigate exculpatory evidence, and present a

3

defense; and 3) the prosecution committed misconduct during summation. The Appellate Division unanimously confirmed the judgment against Riley in a reasoned opinion issued on May 2, 2014. *People v. Riley*, 984 N.Y.S.2d 735, 738 (N.Y. App. Div. May 2, 2014). Riley sought leave to appeal on all grounds raised in the Appellate Division, and the New York Court of Appeals denied leave on December 3, 2014. *People v. Riley*, 25 N.E.3d 351, 351 (N.Y. 2014).

Riley then timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on October 20, 2013. *See* 28 U.S.C. § 2244(d)(1)(A).

## II. GROUNDS RAISED

In his *pro se* Petition before this Court, Riley argues that: 1) trial counsel was ineffective for failing to: a) consult with an expert and present expert testimony, b) investigate the case, c) oppose the prosecutor's motion *in limine*, and d) present a defense; 2) the prosecution committed misconduct during summation; and 3) the trial court's evidentiary rulings with regard to the motion *in limine* and *Sandoval* hearing deprived him of a fair trial.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially

indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues de novo on the record before it. *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a de novo standard to a federal claim not reached by the state court). In so doing, the Court presumes that the state court decided the claim on the merits and the decision rested on federal grounds. *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman* interplay); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same). This Court gives the presumed decision of the

state court the same AEDPA deference that it would give a reasoned decision of the state court. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference); *Jimenez*, 458 F.3d at 145-46. Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

A. <u>Ineffective Assistance of Counsel (Ground 1)</u>

Riley first argues that his trial counsel was ineffective for a variety of reasons. To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. 466 U.S. 668, 687 (1984). A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* The Supreme Court has explained that, if there is a reasonable probability that the outcome might have been different as a result of a legal error, the defendant has established prejudice and is entitled to relief. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393-95. Thus, Riley must show that his counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985). An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing

under either of the *Strickland* prongs. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

New York's test for ineffective assistance of counsel under the state constitution differs slightly from the federal *Strickland* standard. "The first prong of the New York test is the same as the federal test; a defendant must show that his attorney's performance fell below an objective standard of reasonableness." *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010) (citing *People v. Turner*, 840 N.E.2d 123 (N.Y. 2005)). The difference is in the second prong. Under the New York test, the court need not find that counsel's inadequate efforts resulted in a reasonable probability that, but for counsel's error, the outcome would have been different. "Instead, the 'question is whether the attorney's conduct constituted egregious and prejudicial error such that the defendant did not receive a fair trial.'" *Id.* at 123 (quoting *People v. Benevento*, 697 N.E.2d 584, 588 (N.Y. 1998)). "Thus, under New York law the focus of the inquiry is ultimately whether the error affected the 'fairness of the process as a whole.'" *Id.* (quoting *Benevento*, 697 N.E.2d at 588). "The efficacy of the attorney's efforts is assessed by looking at the totality of the circumstances and the law at the time of the case and asking whether there was 'meaningful representation.'" *Id.* (quoting *People v. Baldi*, 429 N.E.2d 400, 405 (N.Y. 1981)).

The New York Court of Appeals views the New York constitutional standard as being somewhat more favorable to defendants than the federal *Strickland* standard. *Turner*, 840 N.E.2d at 126. "To meet the New York standard, a defendant need not demonstrate that the outcome of the case would have been different but for counsel's errors; a defendant need only demonstrate that he was deprived of a fair trial overall." *Rosario*, 601 F.3d at 124 (citing *People v. Caban*, 833 N.E.2d 213, 222 (N.Y. 2005)). The Second Circuit has recognized that the New York "meaningful

7

representation" standard is not contrary to the federal *Strickland* standard. *Id.* at 124, 126. The Second Circuit has likewise instructed that federal courts should, like the New York courts, view the New York standard as being more favorable or generous to defendants than the federal standard. *Id.* at 125.

Riley's ineffective assistance claims must fail, however, even under the more favorable New York standard. He first contends that trial counsel was ineffective for failing to call a medical expert to rebut the testimony of the medical personnel who examined the victim and were called by the prosecution at trial. However, the ultimate decision of whether to call witnesses to testify is well within counsel's "full authority to manage the conduct of the [proceeding]." *Taylor v. Illinois*, 484 U.S. 400, 418 (1988) ("Putting to one side the exceptional cases in which counsel is ineffective, the client must accept the consequences of the lawyer's decision . . . to decide not to put certain witnesses on the stand . . . ."). "The decision of whether to call any witnesses on behalf of a defendant, and which witnesses to call or omit to call, is a tactical decision which ordinarily does not constitute incompetence as a basis for a claim of ineffective assistance of counsel." *Speringo v. McLaughlin*, 202 F. Supp. 2d 178, 192 (S.D.N.Y. 2002); *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987). Claims that counsel was ineffective for failing to call certain witnesses are disfavored on habeas review because "allegations of what a witness would have testified [to] are largely speculative." *Speringo*, 202 F. Supp. 2d at 192 (citation omitted); *see also Montalvo v. Annetts*, 02 Civ. 1056, 2003 WL 22962504 (S.D.N.Y. Dec. 17, 2003) (the decision not to call a particular witness "generally should not be disturbed" because of "its inherently tactical nature"). Indeed, Riley does not demonstrate here that a medical expert would have provided beneficial testimony or that the omission of such testimony deprived him of a fair trial. Notably, the record

reflects that counsel skillfully cross-examined the nurse practitioner and forensic nurse examiner who had examined the victim, getting them to admit that were unable to conclusively link the victim's irregular hymen to sexual abuse and that their opinions were based on speculation. Riley fails to demonstrate that their testimony would have been further weakened if a medical expert had been called.

Riley also avers that counsel failed to adequately investigate whether the victim had made sexual abuse allegations against others, failed to present such evidence in his defense, and failed to oppose the motion in limine seeking to preclude such evidence. The record, however, supports that counsel undertook an investigation, which led to the prosecution's filing of the motion *in limine*. In the motion *in limine*, the prosecutor stated that counsel had informed him of his intent to "examine various prosecution witnesses on the issue of prior allegations of sexual contact made by the victim as against other persons, other than [Riley]." The record further reflects that counsel requested a transcript of the Family Court proceedings in which it was suggested that the victim's grandmother had told the police that other people had sexually abused the victim. To the extent that Riley believes that counsel should have done further investigation, Riley fails to show that counsel could have uncovered admissible information—information that would have suggested that the victim had a pattern of making false accusations—with further investigation. Riley's mere assertion is purely speculative and insufficient to warrant habeas relief. Riley therefore cannot prevail on his ineffective assistance claim either.

B.   Prosecutorial Misconduct (Ground 2)

Riley next contends that the prosecutor committed misconduct by making a number of prejudicial statements during summation. It is improper as a matter of both state and federal law for

a prosecutor to impugn defense counsel's integrity, denigrate or ridicule the defense theory, or make *ad hominem* attacks on defense counsel. *See, e.g.*, *United States v. Biasucci*, 786 F.2d 504, 513-14 & n.9 (2d Cir. 1986) (characterizing as "clearly . . . inappropriate" the prosecutor's "needless and unwarranted *ad hominem* attacks against defense counsel[,] . . . [f]or instance, the prosecutor addressed defense counsel at one point as 'you sleaze,' at another as 'you hypocritical son-,' as being 'so unlearned in the law,' and on several occasions the prosecutor objected to questions by the defense as 'nonsense'" (internal citations to the record omitted)); *People v. LaPorte*, 762 N.Y.S.2d 55, 57-58 (N.Y. App. Div. 2003) (reversing conviction where prosecutor's remarks during summation were not fair response to defense counsel's summation and thus denied defendant a fair trial because evidence against defendant was not overwhelming, prosecutor impugned defense counsel's integrity, ridiculed the defense theory as "mumbo jumbo," and "warned the jurors . . . several times that defense counsel was manipulating them and trying to prevent them from using their common sense") (citation omitted). But as the Second Circuit has noted, "a prosecutor is not precluded from vigorous advocacy, or the use of colorful adjectives, in summation." *United States v. Jaswal*, 47 F.3d 539, 544 (2d Cir. 1995) (citation and internal brackets omitted).

As an initial matter, Riley addresses in his Petition before this Court a number of the prosecutor's statements during summation that he did not raise to the state courts on direct appeal. This Court may not consider claims that have not been fairly presented to the state courts. 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Exhaustion of state remedies requires the petition to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A petitioner must alert the state courts to the fact that

10

he is asserting a federal claim in order to fairly present the legal basis of the claim. *Id.* at 365-66. An issue is exhausted when the substance of the federal claim is clearly raised and decided in the state court proceedings, irrespective of the label used. *Jackson v. Edwards*, 404 F.3d 612, 619 (2d Cir. 2005). To be deemed exhausted, a claim must also have been presented to the highest state court that may consider the issue presented. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In New York, to invoke one complete round of the State's established appellate process, a criminal defendant must first appeal his or her conviction to the Appellate Division and then seek further review by applying to the Court of Appeals for leave to appeal. *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005). Further, "when a 'petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the federal habeas court should consider the claim to be procedurally defaulted." *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (citation omitted); *see also Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 2001). Because it appears that these unexhausted claims are based on the record, they could have been fully raised on direct appeal but were not; consequently, Riley cannot bring a motion to vacate as to such claims. N.Y. CRIM. PROC. LAW § 440.10(2)(c) ("[T]he court must deny a motion to vacate a judgment when[,][a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal . . . ."). Accordingly, they may be deemed exhausted but procedurally defaulted. *Clark*, 510 F.3d at 390; *Grey*, 933 F.2d at 121.

Moreover, Respondent correctly argues that the exhausted portions of Riley's prosecutorial misconduct claim—those statements which he raised to the Appellate Division—are largely procedurally barred from federal habeas review as well. "[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim." *Harris*, 489 U.S. at 262. In finding the majority of Riley's claim unpreserved for appellate review, the Appellate Division relied upon New York's contemporaneous objection rule, New York CPL § 470.05(2), which has long been considered an "adequate and independent ground" that bars federal habeas review. *See Whitley v. Ercole*, 642 F.3d 278, 292 (2d Cir. 2011). New York's rule requires that an alleged error be "brought to the attention of the trial court at a time and in a way that [gives it] the opportunity to remedy the problem and thereby avert reversible error." *People v. Luperon*, 647 N.E.2d 1243, 1246-47 (N.Y. 1995). As Riley did not object to the majority of challenged comments before the trial, the Appellate Division properly applied New York's adequate and independent contemporaneous objection rule, and his claim is largely denied on that basis.

In any event, the Appellate Division's alternate conclusion that the unpreserved statements "were fair response to counsel's summation," *Riley*, 984 N.Y.S.2d at 737, is both reasonable and fully supported by the record. The same is true for the statements that Riley now raises in his Petition and did not raise on direct appeal before the state courts. The denigrating comments toward petitioner and the supportive comments on the victim may be viewed as proper inferences from the evidence presented at trial and constituted a fair response to defense counsel's summation, in which he challenged the veracity of the prosecution's witnesses and the strength of its case. *See Knight v. Walsh*, 524 F. Supp. 2d 255, 287 (W.D.N.Y. 2007). In short, after an independent review of the

12

prosecutor's summation, the Court concludes that the majority of the prosecutor's statements during summation do not rise to the level of egregious conduct required for habeas relief.

The exception is the prosecutor's improper statement that:

> I'll continue to do this job, ladies and gentleman, on two conditions. Number one, as long as there are people like [the victim] who need me to do it, and there are; and number two, as long as there are people like you, jurors willing to come up, step up, look a man like Adrian Riley in the eyes, and tell him you are guilty of an unspeakable act against a child, and we are not gonna stand idly by, not on my watch and not on yours.

As the Appellate Division noted, with that statement "the prosecutor improperly appealed to the jurors' sympathies." *Riley*, 984 N.Y.S.2d at 737. But as the Appellate Division further noted, upon defense counsel's objection, the trial court immediately struck those comments from the record and instructed the jury to disregard them. This Court must also assume in the absence of evidence to the contrary that the jury followed those instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (noting the "almost invariable assumption of the law that jurors follow their instructions"); *see Francis v. Franklin*, 471 U.S. 307, 323-24 & n.9 (1985) (discussing the subject in depth). Accordingly, the Court cannot conclude that the prosecutor's statements during summation rendered Riley's trial unfair.

C.      Evidentiary Errors (Ground 3)

Finally, Riley avers that the trial court made two evidentiary errors. The Supreme Court has acknowledged its "traditional reluctance to impose constitutional restraints on ordinary evidentiary rulings by state trial courts." *Crane v. Kentucky*, 476 U.S. 683, 689 (1986). The Supreme Court has further made clear that federal habeas power does not allow granting relief on the basis of a belief that the state trial court incorrectly interpreted the state evidence code in ruling on the admissibility of evidence. *Estelle*, 502 U.S. at 72 (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Henderson*

13

*v. Kibbe*, 431 U.S. 145, 154 (1977); *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). A petitioner seeking habeas relief from an allegedly erroneous evidentiary ruling bears the burden of establishing that the evidentiary error deprived the petitioner of due process because it was so pervasive that it denied the petitioner a fundamentally fair trial. *See Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985).

Riley first argues that the trial court erred in its *Sandoval* ruling and should not have allowed the prosecution to cross-examine Riley about his subsequent conviction. But Respondent correctly notes that this claim is also procedurally barred from federal review. *See Harris*, 489 U.S. at 262. In finding this claim unpreserved for appellate review, the Appellate Division again relied upon New York's contemporaneous objection rule, New York CPL § 470.05(2), which as aforementioned has long been considered an "adequate and independent ground" that bars federal habeas review. *See Whitley*, 642 F.3d at 292. Moreover, the Appellate Division alternatively concluded that "the court did not abuse its discretion in allowing the prosecutor to question [Riley] about his conviction of criminal possession of a weapon in the fourth degree even though he committed that crime after the incident herein." *Riley*, 984 N.Y.S.2d at 737. This Court is bound by the state court's interpretation of New York state law. *Bradshaw*, 546 U.S. at 76.

Nor can Riley prevail on his challenge to the court's ruling on the motion *in limine*, which precluded the defense from cross-examining witnesses about sexual abuse allegations that the victim had made against other individuals. As the Appellate Division concluded, "[t]he preclusion of such questioning does not constitute an abuse of discretion where, as here, [Riley] made no showing that the prior allegation[s were] false." *Riley*, 984 N.Y.S.2d at 738 (citation omitted). Riley is therefore not entitled to relief on any argument advanced in support of this claim.

14

D.     Request for an Evidentiary Hearing

Riley further requests in his Traverse an evidentiary hearing on all of his claims. The Supreme Court made clear in *Pinholster* that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see Townsend v. Sain*, 372 U.S. 293, 312-13, 319 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superceded in part by statute*, 28 U.S.C. 2254(e)(2) (1996). "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000) (quoted with approval in *Pinholster*, 131 S. Ct. at 1401); *see Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (noting that the basic structure of federal habeas jurisdiction is designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions); *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977) ("[T]he state trial on the merits [should be] the 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing.") "If the state-court decision 'identifies the correct governing legal principle' in existence at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case.'" *Pinholster*, 131 S. Ct. at 1399 (quoting *Williams*, 529 U.S. at 413). As the Supreme Court noted, "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id.* Although under *Pinholster* an evidentiary hearing in a federal habeas proceeding is not absolutely precluded, *Pinholster* also made clear that the discretion to grant a request for an evidentiary hearing is cabined by § 2254(e)(2), *id.* at 1400-01, which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Riley's request in this case does not meet that standard. Nor, based upon the record before this Court, can it be said that the state courts precluded him from developing the factual basis for his claim. *See Pinholster*, 131 S. Ct. at 1417 n.5 (Sotomayer, J., dissenting) (assuming that the majority did not intend to preclude an evidentiary hearing when the petitioner's ability to develop the facts was the fault of the state court itself). Moreover, AEDPA requires that, in addition to showing diligence in state court, a petitioner must allege a colorable claim for relief in order to obtain an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474-45 (2007). As discussed above, Riley has failed to assert a colorable claim for relief as to any of his claims. Accordingly, this Court also must deny Riley's request for an evidentiary hearing.

## V. CONCLUSION

Riley is not entitled to relief on any ground raised in his Petition and is not entitled to an evidentiary hearing either.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a

certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: February 22, 2018.

                                                  /s/ James K. Singleton, Jr.
                                                JAMES K. SINGLETON, JR.
                                                Senior United States District Judge